IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ELECTRO SCIENTIFIC INDUSTRIES, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FOSSIL GROUP, INC. and MISFIT, INC.,**<br><br>**Defendants.** | C.A. No. 3:18-cv-01355-M<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**FOSSIL'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants Fossil Group, Inc. and Misfit, Inc. (collectively, "Fossil") file this, their First Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff Electro Scientific Industries, Inc.'s Complaint ("Complaint"). Fossil denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**NATURE OF THE ACTION**

1.  Fossil admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but Fossil denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Fossil denies any remaining allegations in Plaintiff's Nature of the Action.

**THE PARTIES**

2.  Fossil is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such

---

[1] For avoidance of doubt, Fossil denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

allegations.[2]

3. Fossil admits the allegations in Paragraph 3 of the Complaint.

4. Fossil admits that Misfit, Inc. is a Delaware corporation with a principal place of business at a principle office at 901 S. Central Expressway, Richardson, TX 75080 and is a wholly-owned subsidiary of Fossil Group, Inc. Fossil admits that Misfit, Inc., may be served through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Fossil denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Fossil admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Fossil also admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Fossil denies it has committed or are committing acts of infringement and denies Plaintiff is entitled to any relief. Fossil denies any remaining allegations in Paragraph 5 of the Complaint.

6. Fossil does not contest whether personal jurisdiction over it properly lies in this District in this case and therefore admits the allegations in Paragraph 6 of the Complaint.

7. Fossil admits the Fossil Group, Inc., has a principal place of business in Richardson, Texas. Fossil denies it has committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

---

[2] To avoid confusion, Fossil adopts Plaintiff's paragraph numbering scheme that begins at "2."

**PLAINTIFF AND ITS [ALLEGED] RIGHTS**

8. Fossil is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. Fossil is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

The Patents-in-Suit

10. Fossil admits that a purported copy of U.S. Patent No. 8,394,301 (the "'301 Patent") is attached to the Complaint as Exhibit 1 and that the face of that patent indicates that it was issued on March 12, 2013, and is entitled "Process for Forming Panel With an Optically Transmissive Portion and Products Related Thereto." Fossil is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 concerning whether "ESI is the assignee and sole owner of the '301 Patent," and, on that basis, denies all such allegations. Fossil denies any remaining allegations in Paragraph 10 of the Complaint.

11. Fossil admits that the purported copy of the '301 Patent attached to the Complaint as Exhibit 1 indicates that the '301 Patent was issued from U.S. Patent Application No. 11/742,862, and claims priority to provisional U.S. Patent Application No. 60/810,380, filed on June 2, 2006. Fossil denies any remaining allegations in Paragraph 11 of the Complaint.

12. Fossil admits that a purported copy of U.S. Patent No. 9,568,167 (the "'167 Patent") is attached to the Complaint as Exhibit 2 and that the face of that patent indicates that it was issued on February 14, 2017, and is entitled "Products with a Patterned Light-Transmissive Portion." Fossil is without knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 12 concerning whether "ESI is the assignee and sole owner of the '167 Patent," and, on that basis, denies all such allegations. Fossil denies any remaining allegations in Paragraph 12 of the Complaint.

13. Fossil admits that the purported copy of the '167 Patent attached to the Complaint as Exhibit 2 indicates that the '167 Patent was issued from U.S. Patent Application No. 13/797,891, filed on March 12, 2013, and claims priority to provisional U.S. Patent Application No. 60/810,380, filed on June 2, 2006. Fossil denies any remaining allegations in Paragraph 13 of the Complaint.

## DEFENDANT AND ITS [ALLEGED] UNLAWFUL ACTIVITIES

14. Fossil admits it has used, sold, or offered to sell products under the "Shine" brand name, but Fossil denies it has committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies any remaining allegations in Paragraph 14 of the Complaint

15. Fossil is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

## COUNT I
## [ALLEGED] INFRINGEMENT OF THE '301 PATENT

16. Fossil incorporates by reference each of its responses set forth in Paragraphs 1–15 above as if fully set forth herein.

17. Fossil denies the allegations in Paragraph 17 of the Complaint.

18. Fossil denies the allegations in Paragraph 18 of the Complaint.

19. Fossil denies the allegations in Paragraph 19 of the Complaint.

20. Fossil denies the allegations in Paragraph 20 of the Complaint.

21. Fossil denies the allegations in Paragraph 21 of the Complaint.

22. Fossil denies the allegations in Paragraph 22 of the Complaint.

23. Fossil denies the allegations in Paragraph 23 of the Complaint.

24. Fossil denies the allegations in Paragraph 24 of the Complaint.

## COUNT II
## [ALLEGED] INFRINGEMENT OF THE '167 PATENT

25. Fossil incorporates by reference each of its responses set forth in Paragraphs 1–24 above as if fully set forth herein.

26. Fossil denies the allegations in Paragraph 26 of the Complaint.

27. Fossil denies the allegations in Paragraph 27 of the Complaint.

28. Fossil denies the allegations in Paragraph 28 of the Complaint.

29. Fossil denies the allegations in Paragraph 29 of the Complaint.

30. Fossil denies the allegations in Paragraph 30 of the Complaint.

31. Fossil denies the allegations in Paragraph 31 of the Complaint.

32. Fossil denies the allegations in Paragraph 32 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Fossil denies the Plaintiff is entitled to any relief from Fossil and denies all the allegations contained in Paragraphs (1)–(6) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Fossil's Affirmative Defenses are listed below. Fossil reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Fossil has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '301 or '167 Patents (collectively, the

"Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. For example, the asserted claims of the '301 Patent are invalid as lacking support and enablement in the written description and are indefinite under 35 U.S.C. § 112, ¶¶ 1 and 2 because, for example, the terms "essentially nonlight-transmissive material" (Claim 1), "the pattern of smaller diameter hole openings being substantially invisible to the naked eye" (Claim 1), and "substantially planar" (Claim 7) are not explained in the specification and a person of ordinary skill in the art would be unable to determine their meaning with reasonable certainty. In addition, the asserted claims of the '167 Patent are invalid as lacking support and enablement in the written description and are indefinite under 35 U.S.C. § 112, ¶¶ 1 and 2 because, for example, the terms "a material of the panel is non-transmissive to light" (Claim 1), and "forms a continuous panel surface to the naked eye when light is not applied to the second external surface" (Claim 1) are not explained in the specification and a person of ordinary skill in the art would be unable to determine their meaning with reasonable certainty.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of its relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Fossil's actions allegedly infringe the Asserted Patents, Fossil is not liable to Plaintiff for the acts alleged to have been performed before Fossil received actual notice that they were allegedly infringing the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Fossil indirectly infringes, either by contributory infringement or inducement of infringement, Fossil is not liable to Plaintiff for the acts alleged to have been performed before Fossil knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against Fossil is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Fossil.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patent eligible subject matter under 35 U.S.C. § 101.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method practiced or product produced by Fossil: (1) employ "laser drilling" or result in "conically-shaped . . . hole openings being substantially invisible to the naked eye" as required by claim 1 of the '301 Patent or (2) include "a continuous panel surface to the naked eye when light is not applied to the second external surface" as required by claim 1 of the '167 Patent.

7

## TENTH DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 287 because, among other things, Plaintiff did not provide notice of infringement prior to filing the Complaint in this matter. Moreover, Fossil has not imported any Accused Product identified in Plaintiff's disclosures pursuant to paragraphs 3-1 and 3-2 of the Amended Miscellaneous Order No. 62 after Plaintiff filed its Complaint. Plaintiff is therefore barred under 35 U.S.C. § 287(b)(2) from recovering damages pursuant to 35 U.S.C. § 271(g). Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH DEFENSE

Should Fossil be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

## TWELFTH DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## FOSSIL'S COUNTERCLAIMS

For its counterclaims against Plaintiff Electro Scientific Industries, Inc. ("Plaintiff" or "ESI"), Counterclaim Plaintiffs Fossil Group, Inc. and Misfit, Inc. (collectively, "Fossil") allege as follows:

## PARTIES

1.  Counterclaim Plaintiff Fossil Group, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at a principle office at 901 S. Central Expressway, Richardson, TX 75080.

2.  Counterclaim Plaintiff Misfit, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at a principle office at 901 S.

Central Expressway, Richardson, TX 75080.

3. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Electro Scientific Industries, Inc. is an Oregon corporation with its principal place of business in Portland, Oregon.

## JURISDICTION

4. Fossil incorporates by reference Paragraphs 1–3 above.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6. ESI has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

7. Based solely on ESI's filing of this action, venue is proper for purposes of these counterclaims, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

8. Fossil incorporates by reference Paragraphs 1–7 above.

9. Based on ESI's filing of this action and at least Fossil's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Fossil infringes U.S. Patent Nos. 8,394,301 (the "'301 Patent") and 9,568,167 (the "'167 Patent") (collectively, the "Asserted Patents").

10. Fossil does not infringe at least (1) claim 1 of the '301 Patent because, *inter alia*, the accused method does not employ "laser drilling" or result in "conically-shaped . . . hole openings being substantially invisible to the naked eye" and (2) claim 1 of the '167 Patent

9

because, *inter alia*, the accused product does not include "a continuous panel surface to the naked eye when light is not applied to the second external surface."

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fossil requests a declaration by the Court that it has not infringed and does not infringe any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

12. Fossil incorporates by reference Paragraphs 1–11 above.

13. Based on ESI's filing of this action and at least Fossil's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

14. The asserted claims of the Asserted Patents are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 7,512,229, 7,334,362, 7,201,508, 6,786,513, Japanese Patent No. 4-266275, and German Patent No. 41 09 532.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Fossil requests a declaration by the Court that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Fossil asks this Court to enter judgment in Fossil's favor and against ESI by granting the following relief:

a) a declaration that the Asserted Patents are invalid;

      b)      a declaration that Fossil does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

      c)      a declaration that ESI take nothing by its Complaint;

      d)      judgment against ESI and in favor of Fossil;

      e)      dismissal of the Complaint with prejudice;

      f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Fossil of its costs and attorneys' fees incurred in this action; and

      g)      further relief as the Court may deem just and proper.

## JURY DEMAND

Fossil hereby demands trial by jury on all issues.

Dated: March 8, 2019

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ Ricardo J. Bonilla*
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David Conrad
conrad@fr.com
Texas Bar No. 24049042
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704
Andria Rae Crisler
crisler@fr.com
Texas Bar No. 24093792

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

**COUNSEL FOR DEFENDANTS**
**FOSSIL GROUP, INC. AND MISFIT, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 8, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla