**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ELECTRO SCIENTIFIC INDUSTRIES, INC., an Oregon corporation, | |
| Plaintiff, | |
| v. | |
| FOSSIL GROUP, INC., a Delaware Corporation and MISFIT, INC., a Delaware corporation, | Civil Action No. 3:18-cv-01355-M |
| Defendants. | |

**PLAINTIFF ELECTRO SCIENTIFIC INDUSTRIES, INC.'S NOTICE OF FILING
A PUBLIC REDACTED VERSION OF ITS MOTION TO COMPEL (ECF NO. 41)**

Plaintiff Electro Scientific Industries, Inc. ("Plaintiff") files this notice of filing a public redacted version of its motion to compel, request for costs and fees, and brief in support and in support thereof would state as follows.

In accordance with paragraph 13 of the Court's protective order (ECF No. 40), Plaintiff filed its motion to compel, requests for costs and fees, and brief in support under seal. (ECF No. 41.) Thereafter, the parties conferred about filing a public redacted version of the motion to reveal as much of the motion as the parties reasonably could without undermining the protections conferred by the Court's protective order. Defendants produced to Plaintiff its proposed redactions to the motion, a copy of which is attached to this notice. Plaintiff does not agree that any of Defendants' redactions are proper or required to preserve confidentiality.

1

Respectfully submitted,

Dated:   April 3, 2019

*Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.
jcleveland@belaw.com
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, TX 76102
Telephone:   817.338.1700
Facsimile:    817.870.2265

OF COUNSEL:

Matthew I. Kreeger
MKreeger@mofo.com
Christopher L. Robinson
ChristopherRobinson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:   415.268.7000
Facsimile:    415.268.7522

ATTORNEYS FOR PLAINTIFF
ELECTRO SCIENTIFIC INDUSTRIES,
INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this notice of filing via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile transmission or first-class mail on this same date.

/s/ *Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.

918832-v1/15299-002000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

ELECTRO SCIENTIFIC INDUSTRIES, INC.,
an Oregon corporation,

        Plaintiff,

v.

FOSSIL GROUP, INC., a Delaware
Corporation and MISFIT, INC., a Delaware
corporation,

        Defendants.

Civil Action No. 3:18-cv-01355-M

**FILED UNDER SEAL**

# PLAINTIFF ELECTRO SCIENTIFIC INDUSTRIES, INC.'S MOTION TO COMPEL, REQUEST FOR COSTS AND FEES, AND BRIEF IN SUPPORT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT AND AUTHORITIES........................................................................................ 20

    A.      Defendants Did Not Produce a Knowledgeable and Prepared Witness with Respect to Topics 1-18, 26-27, 33-43, and 45-46................................................. 20

    B.      Plaintiff Incurred Thousands of Dollars in Costs and Reasonable Attorney's Fees as a Result of Defendants' Failure to Comply with Rule 30(b)(6) ................................................................................................................ 23

CONCLUSION.......................................................................................................................... 24

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brazos River Auth. v. GE Ionics, Inc.*,
    469 F.3d 416 (5th Cir. 2006) ...........................................................................20, 21

*Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*,
    251 F.R.D. 534 (D. Nev. 2008)...........................................................................21, 23

*Hamilton v. RadioShack Corp.*,
    No. C 11-00888 LB, 2012 U.S. Dist. LEXIS 32136 (N.D. Cal. Mar. 9, 2012)......................22

*Lutz v. St. Paul Fire & Marine Ins. Co.*,
    No. 1:03-cv-750, 2005 U.S. Dist. LEXIS 12568 (S.D. Ohio May 26, 2005)..........................21

*QBE Ins. Corp. v. Jorda Enters.*,
    277 F.R.D. 676 (S.D. Fla. 2012) .......................................................................21, 24

**Other Authorities**

Fed. R. Civ. P.
    Rule 30(b)(6)...........................................................................................21
    Rule 37(a)............................................................................................1, 23
    Rule 37(a)(1)..........................................................................................23
    Rule 37(a) (3)(B).......................................................................................23
    Rule 37(a)(3)(C).......................................................................................24
    Rule 37(a)(4)..........................................................................................23
    Rule 37(a)(5)(A).......................................................................................23
    Rule 37(d) ............................................................................................23

Plaintiff Electro Scientific Industries, Inc. ("Plaintiff") files this motion to compel, request for costs and fees, and brief pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 7.1. This is a patent infringement case. Because Defendants designated the deposition at issue in this motion "Attorneys' Eyes Only" under the Protective Order (ECF No. 40), Plaintiff is filing this motion under seal pursuant to the Protective Order and Local Rule 79.3(b).[1]

## INTRODUCTION

Plaintiff seeks leave to reopen the Rule 30(b)(6) deposition of the corporate representative of Defendants Fossil Group, Inc. and Misfit, Inc. ("Defendants") on the ground that Defendants failed to designate a knowledgeable and prepared witness who could answer Plaintiff's questions fully, completely, and non-evasively in regards to Topics 1-18, 26-27, 33-43, and 45-46. Defendants' designated corporate witness, Preston Moxcey, testified on behalf of Defendants, but disclaimed virtually all knowledge within the scope of nearly every noticed topic, answering "I don't know" or "I'm not sure" over 300 times, even as to the most basic questioning about the accused products, their methods of manufacture, their infringing features, and their marketing and sales in the United States. Defendants gave Plaintiff no notice before the deposition that they intended to disclaim all corporate knowledge on these topics, causing Plaintiff to incur thousands of dollars in costs and attorney's fees to travel to Texas and take an essentially useless deposition. Because Defendants did not satisfy their discovery obligations under Rule 30(b)(6), Plaintiff requests that the Court order Defendants to produce a substitute corporate representative with knowledge of the above topics, extend the number of depositions Plaintiff is permitted under Fed. R. Civ. P. 30(a)(2)(A)(i), and shift a portion of Plaintiff's costs and reasonable attorney's fees to

---

[1] In accordance with paragraph 13 of the Protective Order, the parties will confer and thereafter Plaintiff will file a public redacted version of the motion revealing as much of the motion as the parties reasonably can without undermining the protections conferred by the Protective Order.

Defendants.

## BACKGROUND

This is a patent infringement case.  Plaintiff is a world leader in innovative, laser-based manufacturing solutions for the microtechnology industry.  Plaintiff has sued Defendants for infringement of United States Patent No. 8,394,301 (the "'301 Patent") and No. 9,568,167 (the "'167 Patent"), which relate to the preparation of light-transmissive areas on panels.  (*See* ECF Nos. 1-1 and 1-2.)  Specifically, the asserted patents disclose new and useful techniques for creating light-transmissive areas on materials that appear smooth and continuous to the naked eye, but nevertheless allow for the display of patterns and images on their surfaces from interior illumination.  (*E.g.*, ECF No. 1-1 at 4:32-36.)  Some embodiments of ESI's patented inventions require laser drilling substantially conically-shaped holes through a panel.  (*Id*. at 2:60-3:3, 4:63-5:3.)  By placing smaller diameter hole openings on the exterior surface of a panel, the ESI inventors could "maintain invisibility of the holes to the naked eye," while magnifying "the collecting power of the light to reduce power consumption . . . ."  (ECF No. 20-1 at 58, 63.)

ESI's patented inventions also require filling the holes with a curable polymeric material or other light-transmissive filler material.  (ECF No. 1-1 at 3:26-32, 5:4-8; ECF No. 1-2 at 5:9.)  The use of a filler material in combination with the microscopic holes disclosed in the asserted patents results a smooth and visually continuous surface to the naked eye.  (*E.g.*, ECF No. 1-1 at 4:39-43.)  The filler material also seals the openings against water, dust, and other pollutants.

Plaintiff accuses Defendants' original "Shine" family of personal activity monitors of infringing the method claims of the '301 patent and the apparatus claims of the '167 patent. Defendants' marketing campaign for the Shine emphasized the sleek and beautiful appearance of the Shine's external panel surface, touting the ability for light to "shine" through "invisible micro-holes, laser drilled into the metal casing."  (*See* APPX268.)  Defendants also touted the

"waterproof" nature of the Shine. (*Id*.) Both attributes result from Defendants' unauthorized practice of the method and apparatus claims of Plaintiff's patented inventions.

Plaintiff served Defendants with a Rule 30(b)(6) notice on January 18, 2019, covering 46 topics relevant to infringement, willfulness, and damages. (APPX003.) Defendants served written responses and objections on February 8, 2019. (APPX018.) Defendants stated that they "will produce one or more witnesses who can testify regarding" Topics 1-18, 22-27, and 33-46, subject to a list of generalized objections. (*Id*. at APPX025-038, APPX042-046, APPX051-061.) Defendants did not state in their objections and responses that they intended to disclaim all corporate knowledge within the scope of those topics. (*Id*.) The parties engaged in meet and confer efforts to reach an agreement about Topics 19-21 and 28-32, to which Defendants had objected in their entirety. In response to Defendants' objections, Plaintiff proposed narrowing the scope of Topics 19-21 and agreed to postpone Topics 28-32 until later in fact discovery proceedings. (APPX278-280.) During those meet and confer efforts, Defendants likewise did not state that they intended to disclaim all corporate knowledge within the scope of the remaining noticed topics. (*Id*.)

At their February 19, 2019 deposition, Defendants' corporate witness answered "I don't know" or "I'm not sure" over 300 times, even as to basic questions about the accused products, their infringing features, and the meaning or applicability of Defendants' own technical documents. To prepare for his deposition, Defendants' witness engaged in a one-day prep session with his counsel, during which he reviewed a single binder of documents that had been pre-selected by counsel. (APPX198 (135:12-18), APPX259-260 (196:23-197:16).) He had no personal knowledge of the matters under inquiry. He did not speak with any current or past employees with personal knowledge of those matters. For numerous topics, he reviewed no documents, received no information from counsel, and had no information to impart.

Below are exemplary answers provided by Defendants' corporate representative.

**<u>Topic 1</u>: All facts and circumstances relating to the research, design, development, prototyping, and testing of each Accused Product.**

**Topic 2**: All facts and circumstances relating to the research, design, development, prototyping, and testing of the light transmissive holes in each Accused Product.

**Topic 3**: All facts and circumstances relating to the research, design, development, prototyping, and testing of the filler material for the light transmissive holes in each Accused Product.

**Topic 34**:  **All Defendants' communications with Pearl Studios, Inc. relating to the research, design, development, prototyping, testing, manufacture, and assembly of the Accused Products.**

**Topic 36**:  **All Defendants' communications with VisionScape Co. relating to the research, design, development, prototyping, testing, manufacture, and assembly of the Accused Products.**

**Topic 4**:  The structure, features, functionality, and operation of each Accused Product.

**Topic 5**:  The structure, features, functionality, and operation of the light transmissive holes in each Accused Product.

**Topic 6**:  **The structure, features, functionality, and operation of the filler material for the light transmissive holes in each Accused Product**

**Topic 7**:  **The manufacture and assembly of each Accused Product.**

**Topic 8**:  **The materials used in each Accused Product.**

**Topic 9**:  The equipment and methods used in connection with each Accused Product to create the light transmissive holes, clean them, fill them with a filler material, cure the filler material, and further prepare or assemble the products for distribution to customers.

**Topic 10**:  Any changes made to the materials, structure, features, functionality, or operation of the Accused Products (including their light transmissive holes and filler material), or to the manufacture or assembly of the Accused Products, and the reasons for any such changes.

**Topic 11**:  All facts and circumstances relating to your first awareness of ESI's methods or apparatuses for creating light transmissive holes in materials.

**Topic 12**:  All facts and circumstances relating to your first awareness of ESI's Practicing Products.

**Topic 33**:  All Defendants' communications with ESI.

**Topic 13**:  **All facts and circumstances relating to your first awareness of each Patent-in-Suit.**

**Topic 14**:  Any consideration, analysis, study, examination, reverse engineering, or copying of any ESI's Practicing Products by Defendants or any Person acting on Defendants' behalf.

**Topic 15**:  Any consideration, analysis, study, examination, reverse engineering, or copying of any subject matter contained in each Patent-in-Suit by Defendants or any Person acting on Defendants' behalf.

**Topic 16**:   All marketing and promotion relating to any Accused Product by Defendants or any Person acting on Defendants' behalf, including: (a) sales and marketing strategies; (b) development of sales and marketing materials; and (c) content of sales and marketing materials.

**Topic 17**:  **All consumer surveys, focus group studies, or product reviews relating to the Accused Products carried out by Defendants or any Person acting on Defendants' behalf.**

**Topic 18**:  The sales, pricing, and revenue relating to each Accused Product, including actual and forecasted unit prices, sales, revenues, costs, and profits.

**Topic 26**:  All facts and circumstances relating to all actual or proposed agreements or licenses concerning the manufacture, distribution, marketing, or sale of any Accused Product, including any express or implied licenses to practice any Patent-in-Suit.

**Topic 27**:  All attempts by Defendants to design around or develop independently the subject matter disclosed in any Patent-in-Suit.

**Topic 35**:  All Defendants' communications with Pearl Studios, Inc. relating to any evaluation of intellectual property rights infringed by the Accused Products.

**Topic 37**: All Defendants' communications with VisionScape Co. relating to any evaluation of intellectual property rights infringed by the Accused Products.

**Topic 38**: All Defendants' communications with Jabil, Inc. relating to the research, design, development, prototyping, testing, manufacture, and assembly of the Accused Products.

**Topic 39**: All Defendants' communications with Jabil, Inc. relating to any evaluation of intellectual property rights infringed by the Accused Products.

<u>Topic 40</u>:  All Defendants' communications with Kersen Scientific & Technology Co., Ltd. relating to the research, design, development, prototyping, testing, manufacture, and assembly of the Accused Products.

<u>Topic 41</u>:  All Defendants' communications with Kersen Scientific & Technology Co., Ltd. relating to any evaluation of intellectual property rights infringed by the Accused Products.

<u>Topic 43</u>:  The locations of each category of Defendants' computer systems and other technology assets (such as servers, workstations, laptops, PDAs, BlackBerries, cell phones, etc.) currently or previously in operation that may contain potentially relevant information related to this lawsuit.

**ARGUMENT AND AUTHORITIES**

A.   **Defendants Did Not Produce a Knowledgeable and Prepared Witness with Respect to Topics 1-18, 26-27, 33-43, and 45-46.**

Defendants' failure to produce a knowledgeable and prepared witness in regards to Topics 1-18, 26-27, 33-43, and 45-46 is readily apparent from the face of the transcript. Defendants claimed not to know even the most basic information about their own infringing products, such as whether Defendants played any role in designing, developing, or manufacturing those products, or whether documents they produced in this lawsuit bearing their own corporate logo belonged to them. Because Defendants' corporate representative could not answer Plaintiff's questions fully, completely, and non-evasively at his deposition, Defendants had an obligation to provide a substitute witness. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433-34 (5th Cir. 2006)

("If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute.").  Defendants' failure to provide a knowledgeable witness and their refusal to designate a substitute witness violated their discovery obligations under Rule 30(b)(6), resulting in thousands of dollars in costs and fees incurred by Plaintiff to travel to and take an essentially useless deposition.

During the parties' meet and confer over this motion, Defendants incorrectly asserted that their lack of preparation and refusal to designate a substitute witness should be excused because they do not currently employ individuals with personal knowledge of the accused products. Defendants' position ignores the plain language of Rule 30(b)(6) and controlling Fifth Circuit precedent.  A company must prepare witness to "testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  If a company no longer employs individuals with personal knowledge of the matters under examination, the company must nevertheless "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."  *Brazos River Auth.*, 469 F.3d at 433.

Numerous courts have affirmed that Rule 30(b)(6) requires parties to review corporate records and interview past employees and nonparties, if necessary, to adequately prepare their corporate representative.  *See Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("[t]he fact that an organization no longer has a person with knowledge on the designated topics does not relieve the organization of the duty to prepare a Rule 30(b)(6) designee" using "documents; past employees, or other sources"); *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 696 (S.D. Fla. 2012) (rejecting argument that corporation "had no 30(b)(6) obligation to obtain knowledge from non-parties to the litigation"); *Lutz v. St. Paul Fire & Marine Ins. Co.*, No. 1:03-cv-750, 2005 U.S. Dist. LEXIS 12568, at *10 (S.D. Ohio May 26, 2005) ("that defendant no longer employed [a former employee] did not relieve it from preparing [its witness] for the

deposition to the extent such information was reasonably available, whether from documents, past employees, or other sources"); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB, 2012 U.S. Dist. LEXIS 32136, at *5 (N.D. Cal. Mar. 9, 2012) ("if a corporation no longer employs anyone knowledgeable about the subject matter, it must prepare a representative to testify at the deposition and this might require seeking the assistance of former employees"); *The Rutter Guide, Fed. Civ. Proc. Before Trial (Nat. Ed.)* § 11:1415.1 ("If the entity no longer employs anyone knowledgeable about the designated matter, it must prepare a representative (using documents, former employees or other sources) to testify at the deposition.").

During the deposition, Defendants identified numerous corporate records, past employees, and nonparties that they could have consulted, but chose not to. Defendants confirmed, for example, that they have possession of all Misfit Inc.'s corporate records relating to the accused products following Fossil's acquisition of Misfit. (*See* APPX246-247 (183:21-184:9), APPX261-262 (198:21-199:2).) Defendants' production documents reflect the existence of a repository of "the original models, drawings, and procedures used to produce the products." (APPX243-244 (180:24-181:17).) Yet, despite the availability of those records, Defendants' corporate representative testified that the company "didn't know" whether the technical drawings, material datasheets, and manufacturing process flow charts produced in this lawsuit belonged to the company or accurately described the materials, equipment, and methods used to make the infringing products. (APPX122 (59:3-17), APPX137 (74:21-25), APPX146 (83:5-7, 83:19-22), APPX158 (95:11-13), APPX172-173 (109:21-110:8).)

Nor did Defendants' corporate representative interview reasonably available past employees and nonparties with relevant knowledge, such as Misfit's former CEO, Sonny Vu; its former VP of Hardware, Josh Banko; its former Product and Design Lead, Tim Golnik (APPX171 (108:8-18)), or Defendants' contractual partners who helped design and manufacture the infringing

products (APPX170-171 (107:21-108:3, 108:19-22)).  During the deposition, Defendants provided no reason to believe that anyone even attempted to reach out to any past employees or contractual partners when preparing Defendants' corporate representative for his Rule 30(b)(6) deposition.

### B.   Plaintiff Incurred Thousands of Dollars in Costs and Reasonable Attorney's Fees as a Result of Defendants' Failure to Comply with Rule 30(b)(6).

Because Defendants failed to produce an adequately prepared corporate representative to testify regarding Topics 1-18, 26-27, 33-43, and 45-46, Plaintiff requests that the Court order Defendants to produce a substitute corporate representative prepared to answer Plaintiff's questions, extend by one the number of depositions permitted by Federal Rule of Civil Procedure 30(a)(2)(A)(i), and shift to Defendants a portion of the costs and attorney's fees that Plaintiff incurred in traveling to and taking the deposition of Defendants' corporate representative.

Under Rule 37(a), a party may move to compel a further deposition if a deponent fails to answer a question asked under Rule 30 or provides evasive or incomplete answers to those questions.  *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B), and (a)(4).  If the Court grants the motion, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  In addition, under Rule 37(d), the court "may, on motion, order sanctions if: . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d).  "A number of courts have held that the failure to produce a Rule 30(b)(6) designee who is adequately educated and prepared to testify on designated topics to bind the corporation amounts to a nonappearance which could warrant the imposition of sanctions."  *See Great Am. Ins. Co. of N.Y.*, 251 F.R.D. at 542 (*citing Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).

At a minimum, if Defendants expected not to be in a position to answer Plaintiff's questions concerning one or more topics at the time of the deposition, Defendants should have given Plaintiff notice of Defendants' position before the deposition took place. *See QBE Ins. Corp.*, 277 F.R.D. at 691 ("A corporation which expects its designee to be unprepared to testify on any relevant, listed topic at the corporate representative deposition should advise the requesting party of the designee's limitations before the deposition begins."). If Plaintiff had known that Defendants intended to disclaim all corporate knowledge relating to the noticed topics, Plaintiff would not have wasted the time and expense and incurred thousands of dollars in costs and fees traveling to and taking the deposition of Defendants' corporate representative.

As a result of Defendants' lack of compliance with its discovery obligations under Rule 30(b)(6), Plaintiff unnecessarily incurred $9,880 in reasonable attorney's fees based on 15.2 hours of attorney travel and examination time in connection with Defendants' obligation to produce a competent witness.[2] (*See* APPX284-287, ¶¶ 4-25.) Plaintiff also seeks $3,091.53 in incurred travel, hotel, court reporter, and videographer costs. (*See* APPX287, ¶ 26.) If the Court grants the current motion, Plaintiff also seeks reasonable attorney's fees incurred for bringing this motion in the amount of $23,722.50, which Plaintiff attempted to avoid by meeting and conferring in good faith with Defendants, and by proposing more economical ways to resolve the dispute short of this motion. (*See* APPX288, ¶ 28.)

## CONCLUSION

Because Defendants failed to meet their discovery obligations under Rule 30(b)(6), Plaintiff requests that the Court order Defendants to produce a substitute corporate representative on Topics 1-18, 26-27, 33-43, and 45-46, extend by one the number of depositions Plaintiff is

---

[2] A party may complete an examination before adjourning the deposition and moving to compel, as Plaintiff did here. *See* Fed. R. Civ. P. 37(a)(3)(C).

permitted to take under Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure, and order

Defendants to pay Plaintiff the sum of $36,694.03 for reasonable attorney's fees and expenses

under Rule 37(a)(5)(A) and Rule 37(d)(3) for Defendants' failure to appear for deposition on the

topics noticed and for Plaintiff making this motion.

Dated: March 28, 2019              By: */s/ Joseph F. Cleveland, Jr.*

                                         Joseph F. Cleveland, Jr.
JCleveland@belaw.com
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, TX 76102
Telephone:      817.338.1700
Facsimile: 817.870.2265

OF COUNSEL:

Matthew I. Kreeger
MKreeger@mofo.com
Christopher L. Robinson
ChristopherRobinson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Plaintiff*
ELECTRO SCIENTIFIC INDUSTRIES, INC.

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel has in good faith conferred with Defendants' counsel in person on February 19, 2019, by a telephone call on February 26, 2019, and by email on February 27, 2019. The parties were unable to reach an agreement with respect to this motion.

*/s/ Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this Motion to Compel, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission or first class mail on this same date.

*/s/ Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.

918271-v1/15299-002000